Louis I. Kaplah, M.
The defendant, Arthur Law, who conducts a book and novelty business, has been charged with the crime of Sabbath breaking, committed as follows: “ * * * that in violation of Section 2147 of the Penal Law, on Sunday, March 27, 1955, at 9:40 o’clock p. m., at No. 254 W. 42nd St., in the County of New York, the defendant Arthur Law did, publicly offer for sale a book * *
*697 While no evidence was adduced as to the character of the vicinity, it appears that the premises in which the alleged offer of sale took place are within the immediate proximity of Times Square, being located on West 42nd Street, between Eighth Avenue and Broadway. It is commonly known that the street on which defendant’s premises are located contains a great many other business premises consisting mostly of theatres, bars, restaurants, cafeterias, novelty stores, penny arcades, miscellaneous stores, all of which operate on Sundays. This block is definitely not a residential block and the general area is not a residential area. There are no churches in the immediate vicinity.
The section of the Penal Law which is alleged to have been violated and is the basis of the complaint, reads in part as follows:
“ § 2147. Public traffic on Sunday. All manner of public selling or offering for sale of any property upon Sunday is prohibited, except as follows: * * #
“4. Prepared tobacco, bread, milk, eggs, ice, soda-water, fruit, flowers, confectionery, souvenirs, newspapers, magazines, gasoline, oil, tires, drugs, medicine and surgical instruments may be sold and may be delivered at any time of the day. * * * >>
The People contend that because “books” were excluded from the exceptions of the statute, the sale thereof by the defendant constituted a violation of the statute.
While the words of section 2147 prohibit the sale of all property with certain enumerated exceptions, it is necessary to take into consideration the basic section of the statute, section 2140 of the Penal Law, in respect to the same subject, and which is plainly explanatory of the meaning of section 2147. (People v. Dennin, 35 Hun 327.) Section 2140 reads as follows: “ § 2140. The Sabbath. The first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, .which are serious interruptions of the repose and religious liberty of the community.”
It has never been the legislative policy in this State to strictly enforce the cessation of all kinds of acts on the Sabbath. The leading principle all through the different enactments upon the subject is to prevent any serious interruption of the repose and religious liberty of the community. (People v. Dunford, 207 N. Y. 17; People v. Moses, 140 N. Y. 214.)
*698 The intention of the Legislature was to prohibit the carrying on of public selling to the extent of seriously interrupting the religious observance of Sunday. The commission of acts which do not interrupt the repose and religious liberty of the community is not within the prohibition of the statute. (McCormick v. Hazard, 77 Misc. 190.) Section 2140 has a qualifying phrase which could not have been introduced by the Legislature without design, and its natural and full effect must be given to it in the construction of the statute.
Whether an act done on Sunday comes within the qualifications and exceptions of the statute will depend upon the peculiar circumstances of each case. In general the acts prohibited by the Sabbath statutes are not too clear and create an illogical and inconsistent pattern. The Legislature should enact a statute upon Sunday observance that would plainly express the prohibited acts so that the public would be able to know, without judicial construction, what it intended to prohibit.
With these rules as a guide, it remains to be determined whether the act complained of herein infringes the inhibition of the section of the Penal Law involved. From the facts presented, can it be contended that the offering for sale of a book in premises located on a street wholly dedicated to amusements and relaxation, and in no manner or means a residential street, with no churches in the immediate vicinity, and frequented by the public for the purpose of amusement and relaxation, affects the rights of others who are observing the day or violates the public order and solemnity of the day? While there was an act of public selling, did it constitute a serious interruption of the repose and religious liberty of the community? We must necessarily answer these questions in the negative. In view of defendant’s location there could be no disorder or interference with the repose and religious' rights of the community. In fact, the business conducted by the defendant was conducive to the repose and enjoyment of the day rather than an interference with it. WTiat could be more restful or helpful to the man who spends his week in the office „ or shop than to engage in the pursuit of knowledge, or reading for pure pleasure? “ Beading maketh a full man.” (Bacon.)
In view of the nature of the business of defendant, and the location thereof, it is difficult for me to perceive how, in this case, the act complained of could constitute a serious interruption of the repose and religious liberty of the community.
The complaint is dismissed and the defendant discharged.