THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v*. IRA KAPLAN, Appellant.

First Department, June 11, 1959.

*Wilmurt B. Linker* of counsel (*Arthur E. Friedland,* attorney), for appellant.

*Irving Anolik* of counsel (*Daniel V. Sullivan, District Attorney,* attorney), for respondent.

RABIN, J. On this appeal there is once more before us the question of whether the operation on Sunday of a self-service automatic coin-operated laundry comes within the proscription of article 192 of the Penal Law, which contains the " Sabbath " laws. We recently held in *People* v. *Gwyer* (7 A D 2d 711) that such an operation did not violate section 2147 of article 192 which forbids (with certain specified exceptions) the public " selling or offering for sale " of any property. The basis of our decision there was that no sale of tangible property was involved. Here however we are not concerned with section 2147, for the conviction has been obtained under section 2146 which makes illegal the Sunday conduct of " [a]ll trades * * * except that when the same are works of necessity they may be performed on that day in their usual and orderly manner, so as not to interfere with the repose and religious liberty of the community."

Our first inquiry therefore is whether defendant's operation may be classified as a trade. We think it must be so regarded. A trade is " The business one practices or the work in which one engages regularly ". (See Webster's New International Dictionary [2d ed.].) The business in which defendant regularly engaged was the operation for gain of a coin-operated laundry and consequently was his trade.

The argument is advanced that defendant was not conducting a trade on Sunday since he took no part in the operation and in fact was not even present, the premises having been left open the night before for the convenience and use of patrons on Sunday. The argument is ingenious but not realistic. Suppose that defendant had followed the same practice of operating on certain weekdays without being on the premises. Could it then be said that he was not engaged in a business or " trade " on those days? We hardly think so for defendant's enterprise, no matter how viewed, was a trade, whenever and however operated.

It is urged, however, that the use of the coin-operated laundry by the public on Sunday is a work of necessity, thus coming within the exception allowed in section 2146. Of course, there can be no general rule as to what constitutes a work of necessity so as to make it permissible on a Sunday. That question must be dealt with as it arises in each case (*Dinsmore* v. *New York Bd. of Police,* 12 Abb. N. C. 436, 446). No doubt the availability on Sunday of the washing machines in defendant's laundry would be a decided convenience to a portion of the public. Mere convenience however is to be distinguished from necessity, which connotes indispensability. It cannot be said that the operation of this laundry on Sunday is indispensable insofar as either the defendant or the public are concerned. The fact that the statute may impose inconvenience or hardship does not allow the court to relieve defendant from compliance with its provisions. To do so would be to usurp the legislative function (*People* v. *Kupprat,* 6 N Y 2d 88; *People* v. *Friedman,* 302 N. Y. 75, 79).

The argument is also made that there has been no proof that the operation of defendant's laundry interfered with the " repose and religious liberty of the community." The fault with this argument is that it ignores the plain legislative fiat (§ 2140) that certain acts " hereinafter specified " are deemed " serious interruptions of the repose and religious liberty of the community." Under a similar statute it was said in *People* v. *Moses* (140 N. Y. 214, 215–216) : " It is not the meaning of this section [then Penal Law, § 259] that every act which is claimed to be a violation thereof must, in fact, be a serious interruption of the repose and religious liberty of the community; but the legislature in subsequent sections specified certain acts which are declared to be serious interruptions of the repose and religious liberty of the community — acts, necessarily described in general and comprehensive terms, which the law makers believed had a general tendency to interfere with Sunday as a day of rest and religious worship."

The plan and intent of the present Sunday laws are substantially the same as when the *Moses* decision was written. Section 2140 states the general purpose to prevent interruption of the Sunday " repose " but that section is amplified and particularized by the more precise restrictions contained in section 2146 and other sections of article 192. It is therefore not enough to say that so long as there is no interference with repose and religious liberty there is no violation, for the statute goes further than that. The first part of section 2146 prohibits " [a]ll trades." The second part exempts trades that are " works of necessity." If we were to find that operating the coin-operated

laundry is a work of necessity, only then would we reach the question of whether, as a fact and entirely apart from section 2140, there would be interference with repose and religious liberty. Unless therefore defendant's operation be considered a work of necessity there can be no exemption under the statute. We hold that the operation of the coin-operated laundry on Sunday is not a work of necessity. It is therefore expressly prohibited by the first part of section 2146, to which there is no exemption.

We reach the conclusion on the record before us that the conviction was proper and must be sustained. The judgments appealed from should be affirmed.

BREITEL, J. (dissenting). I vote to reverse and dismiss the informations.

Defendant has been convicted of two violations under the so-called "Sunday laws" (Penal Law, § 2140 *et seq.*, particularly § 2146). The statutes are ancient, have their parallels in other jurisdictions, and for over a century-and-a-half have eluded sharp delineation as to their meaning and effect (*People v. Friedman,* 302 N. Y. 75).

The question in this case is whether the operation of an automatic laundry on a Sunday is in violation of the statute which prohibits "All trades, manufactures, agricultural or mechanical employments upon the first day of the week * * *" (Penal Law, § 2146). An automatic laundry, as it has developed in this community, consists of a store at street level containing automatic machines from which users, upon depositing the appropriate coins, may obtain soap, starch, and other supplies for use in washing machines and, in similar fashion, upon depositing coins, use automatic washing machines. Such stores need be infrequently attended by their operators or agents and, insofar as Sundays are involved, as in this case, there is no one in attendance. The doors are kept unlocked from Saturday night until Monday and the persons who wish to use the facilities are free to come and go.

The Sunday statutes constitute a not-altogether consistent collection of sections adopted at various times in the history of the State. Some overlap; others, in an odd pattern, contain exemptions which nullify in part more general sections. As the Court of Appeals observed in the *Friedman* case (*supra,* p. 80) in words that are undoubtedly an understatement: "While the statute may not be perfectly symmetrical in its pattern of exclusions and inclusions, the equal protection of the laws does not require a Legislature to achieve 'abstract symmetry' * * * or to classify with 'mathematical nicety'".

Insofar as automatic machines are concerned the case appears to be one of first impression at this appellate level.

Section 2140 of the Penal Law expresses the policy for the sections which follow. It is made quite clear that the purpose of the Sunday laws is to set the first day of the week apart for rest or religious use, so that there are prohibited, acts which are serious interruptions of the repose and religious liberty of the community. Thus, the courts, in construing the following sections, have generally interpreted them in context looking to the mischief which the statute was designed to remedy. (E.g., *People* v. *Dunford*, 207 N. Y. 17; *People* v. *Deen*, 3 A D 2d 836, affd. 4 N Y 2d 708; *People* v. *Sacks*, 2 Misc 2d 201; *People* v. *Law*, 16 Misc 2d 696; *People* v. *Poole*, 44 Misc. 118; cf. *People* v. *Kupprat*, 7 A D 2d 739*.)

At this point there is reached the necessity for considering the word " trade ", as it is used in section 2146. The obvious should be noted, namely, that the problem is not that of " sale " under section 2147. The word " trade " is a chameleon which draws its colors from the context in which it is found. Not only does the general lexicographer fail to confine the word to any specific meaning, but the same failure occurs in the law where there has been occasion to use the word, whether in connection with the exemption from execution of a mechanic's tools or in the application of the Federal antitrust laws. (See, 42 Words and Phrases, Trade, pp. 216–234; 87 C. J. S., Trade, pp. 202–210; Bouvier's Law Dictionary [Rawle's 3d rev.], Trade.) Superficial examination into the mass — even morass — of legal precedents demonstrates that the word " trade " is of the widest flexibility in meaning and application. Its most recurring meaning in the law has been the face to face engagement in the barter and sale of goods, or in the engagement for hire in the skilled and semi-skilled manual occupations.

The problem for the court is whether, within the meaning and context of the Sunday laws, the ownership and control of unattended automatic laundries on Sundays constitute trade. In this connection, and on the view taken here as to how the Sunday laws have been and should be construed, it is significant that it was stipulated in this case, and is, therefore, an undisputed fact, that none of the acts which occurred were of a character to disturb others in the community.

If regard be given to the element of serious disruption to the repose and religious liberty of the community, it is quite obvious that no facile definition of the word " trade " will

---

* Reversed 6 N Y 2d 88. The *Kupprat* case, of course, involved a sale under section 2147. None disputed that a sale was involved.

suffice. It surely is unnecessary to refer to the many automatic vending machines of cigarettes, chewing gum, insurance, books, ice, handkerchiefs, identification tags, postage stamps, pencils, combs, and ball pens that abound in public and semipublic places in the community, and even in public buildings, available on Sundays. To these, for many years, there have been no objections. So that even with respect to " sales " under section 2147 at least practical distinctions have been made where there were no face to face transactions. This court so held quite recently (*People* v. *Gwyer*, 7 A D 2d 711).

But much more important than any philological analysis or any attempt to anticipate prematurely the consequences of automation in the community is the real impact of a construction which would make the automatic laundry a " trade " within the statute when, as an obvious fact, no Legislature has ever considered the problem in the context of the Sunday laws.

Quite free from the control of the statute is the operation of automatic washing machines in the private homes and apartments of those who can afford them. Apparently, too, quite exempt from the operation of the statute are the batteries of automatic coin washing machines located in the basements of many of the apartment houses of this community, and operated by the landlords or their concessionaires for profit.

Unaffected, of course, by the statute would be those who use commercial laundries to clean their clothes. The only persons in the community who would be seriously affected are those who live in tenements and rooming houses not equipped with washing machines and who, for one reason or another but probably because of the expense, do not use commercial laundries to clean their clothes. Moreover, the only ones who would be affected as users would be those who choose — probably must choose — the day of rest to clean their clothes in coin-operated machines at the local laundry.

If the court were concerned with an attractive or frivolous activity unbecoming to the day of rest and offensive to others in the community, there might be a different question. The fact is that it has never been suggested that washing clothes, even in a machine, is such an attractive activity that it might tempt persons to use Sundays to indulge in it as a frivolity or recreation. It is obvious, of course, that those who on Sunday wash their clothes, in all probability, have no choice whether to do so on any other day of the week.

It is for the foregoing reasons that I quite agree with the conclusions reached by Judge BROWN in *People* v. *Welt* (14 Misc 2d 275). There, on the precise facts as in this case, the court

reversed a conviction in the District Court of Nassau County and held the statute not applicable.

On this view it is not necessary to reach the more difficult problem as to whether personal laundering on Sunday is a work of necessity. Although, when one considers the significance of cleanliness to health and status in the community, an arguable case can be made for it as a necessity.

Accordingly, the judgments of conviction should be reversed on the law and the informations dismissed.

BOTEIN, P. J., and VALENTE, J., concur with RABIN, J.; BREITEL, J., dissents in opinion in which McNALLY, J., concurs.

Judgments appealed from affirmed.