## (May 11, 1965)

■ CUSHMAN & WAKEFIELD, INC., Respondent, v. JOHN DAVID, INC., et al., Defendants, and HALLMARK CARDS, INCORPORATED, Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered December 7, 1964 in New York County, which denied a motion by appellant for an order (1) to dismiss the second cause of action against defendants Hallmark, Negbaur and Collins Tuttle, and (2) to dismiss the third cause of action against all defendants as insufficient.

MEMORANDUM: Order, entered December 7, 1964, denying defendant-appellant's motion to dismiss the second and third causes of action for insufficiency, reversed, on the law, with $30 costs and disbursements to defendant-appellant, with leave, however, to plaintiff, in the interests of justice, to apply at Special Term to serve an amended complaint within 20 days after service of a copy of the order herein with notice of entry. (CPLR 3211, subd. [e].) The complaint and the affidavit of plaintiff fail to allege the means of inter-ference and inducement of the defendant-appellant. (*Jennings* v. *Burlington Inds.*, 19 A D 2d 877.) It may well be that plaintiff can supply the deficiency.

STEVENS, J. (dissenting in part). Defendant Hallmark Cards, Incorporated (Hallmark) appeals from order entered December 7, 1964 which denied Hall-mark's motion to dismiss the second and third causes of action for insufficiency.

The complaint contains three causes of action. The first cause, not chal-lenged here, is for breach of contract and is against John David, Inc., only. Therein it is alleged that John David, Inc., a lease tenant of store, basement and second floor space at 720 Fifth Avenue, and plaintiff, a real estate broker, entered into a written agreement September 20, 1961, whereby plaintiff was appointed John David's exclusive agent for 90 days from October 1, 1961, for the purpose of finding a tenant for the space. The agreement provided further that John David was to pay plaintiff a commission whether the lease be made or tenant procured by plaintiff, John David, or any other broker or "if the property or space is afterwards leased to a tenant to whom it was sub-mitted by us or by you during the existence of the Agreement." Plaintiff then alleges the space was submitted to Hallmark during the 90-day period, that after such period expired Hallmark and John David entered into an agreement whereby John David agreed to surrender the space to the landlord on or before September 1, 1963, and Hallmark agreed to execute a new lease for the space. Hallmark and the landlord entered a lease for a term com-mencing September 1, 1963 and terminating April 30, 1974. Plaintiff alleges it was the procuring cause of the agreement and lease, has duly performed its contract and is entitled to brokerage commissions as agreed.

The second cause of action, against all defendants except John David, realleges the allegations of the first cause, including performance of the contract, and charges the defendants wrongfully induced John David to breach its agreement with plaintiff by refusing to pay plaintiff brokerage commissions, and to recognize the other defendants as brokers. No acts are set forth which constitute the wrongful inducement to breach, nor is it set forth how John David was persuaded to recognize others as brokers. Beyond the assertions of "wrongfully", "maliciously", etc., all conclusory, there is no claim of fraud, unlawful acts, or that some duty owed to plaintiff was violated by Hallmark. It must be remembered that under the agreement between plaintiff and John David the obligation of John David to plaintiff was a continuing one. The second cause of action is clearly insufficient (*Jennings* v. *Burlington Inds.*, 19 A D 2d 877). Even liberally construing the pleading, as we must, the statements are not "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of [the] cause of action" (CPLR 3013). The facts upon which plaintiff relies to show wrongful, improper or illegal inducement to breach are not set forth. This remains essential (*Foley* v. *D'Agostino*, 21 A D 2d 60).

The third cause of action is an alternate pleading, and is based on the theory of unlawful interference with a business opportunity pursuant to a concerted plan or conspiracy on the part of the defendants to deprive plaintiff of the opportunity to earn its commission. It is alleged that but for such interference plaintiff would have earned its commission. Under the agreement set forth in the complaint plaintiff earned its commission the instant Hallmark executed a lease, and this irrespective of who the brokers were. Plaintiff is complaining of something which, under the agreement, could not happen. At the time that plaintiff earned its commission John David, so far as the record reveals, was solvent. It later became insolvent in 1964. There is no claim of profit to Hallmark, nor that it used unlawful means or acted other than to protect its own legitimate business interest. The third cause is insufficient whether it be considered on the theory pleaded or even as a pleading in the nature of prima facie tort (*Benton* v. *Kennedy-Van Saun Mfg. Co.*, 2 A D 2d 27; *Schulman* v. *Royal Ind. Bank*, 280 App. Div. 401). There is no showing of unjustified intentional interference by Hallmark with plaintiff's contract with John David, nor that it acted, if it did, from purely malicious motive or by unlawful means. The deficiencies in the pleadings are not supplied by the affidavits submitted and it appears that no additional facts or information would be forthcoming in any additional pleadings.

The order appealed from should be reversed on the law, and the motion to dismiss granted, with costs and disbursements to appellants, and without leave to replead.

Rabin, J. P., Valente and McNally concur in Memorandum by the court; Stevens, J., dissents in part, in opinion, in which Steuer, J., concurs.

Order, entered December 7, 1964, denying defendant-appellant's motion to dismiss the second and third causes of action for insufficiency, reversed, etc.