Alexander W. Kramer, J.
The defendants are accused of violating section 9 of article 2 of the General Business Law.
They now move to dismiss the informations filed against them on the grounds that the defendants had a legal right to open for business on the date in question and that the Sabbath law is confusing and therefore one need not obey it.
*555 The defendants sold a can of car wax and spark plug wires to unknown males. The complainants are police officers who witnessed the transactions. A review of the applicable provisions of the General Business Law reveals that the items sold do not come under any of the exemptions contained in section 9.
The Sabbath laws, while faced with doubts as to their utility in modern society, are nevertheless constitutional (People v. Witherill, Inc., 29 N Y 2d 446). The defendants allege that they observe another day as their holy day; namely, Wednesday. While this may be so, it is nevertheless only a defense to the charges made against them (General Business Law, § 10) and not a defect which necessitates a dismissal of the information. It is a question which must be decided at the trial of this action. The case of People v. Law (16 Misc 2d 696), cited by the defendants, offers no help to the court with the instant motion since that case rested on establishing that the sale in question did not constitute a serious interruption of the repose and religious liberty of the community. However, People v. Cooks of N. Y. (65 Misc 2d 790) states that the Legislature, by providing for Sunday closing for all but a specified list of exemptions, has in effect stated that Sunday openings are a serious interruption of the repose and religious liberty of the community. The question, therefore, cannot be answered on a motion containing conflicting affidavits.
In a like manner, the court cannot, as the defendants request, take judicial notice of the neighborhood in which the defendants’ business is located. Judicial notice is based on the premise that “ what the world generally knows a court of justice may be assumed to know ” (People v. Gitlow, 234 N. Y. 132, affd. 268 U. S. 652). The character of the area in which the defendants conduct their business is not such widely known facts of which judicial notice may be invoked.
It is alleged that Lawrence Smith called the third precinct to inquire whether they could remain open. The police said they did not know and referred him to the District Attorney’s office. A call to the District Attorney’s office yielded a similar response, adding that the law is not “cut and dried”. A further call was placed to the County Executive’s office and they gave a similar response. Finally, the defendants attended an unidentified meeting at which unnamed State and local officials advised them that they could remain open. Upon this rather dubious basis, the defendants claim that the law, if considered vague by elected officials, is certainly vague to the average businessman. However, lawyers have been known to err, police have erred *556 and, indeed, while they do not like to admit it, courts have erred. This is why erasers are put on pencils and the judicial system provides for appellate review. The fact that some people do not understand the law does not render it vague or incapable of understanding. If. all' laws become vague because one policeman, one Assistant District Attorney,, one aide in the County Executive’s office and a few unidentified officials don’t fully understand them, then a good portion of our laws must be condemned as vague and incapable of understanding. Such a result, while favored by the movants, has no basis either in judicial or logical reasoning.
Accordingly, the defendants’ motion to dismiss the information herein should be, and the same hereby is denied.