■ WAYNE S., Also Known as RASHANA S., an Infant, by His Parent and Natural Guardian, ELLA M., et al., Respondents, v COUNTY OF NASSAU, DEPARTMENT OF SOCIAL SERVICES, Appellant. — Appeal by defendant from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 24, 1980, which denied its motion for an order dismissing the complaint pursuant to CPLR 3211 (subd [a], par 7). Order affirmed, without costs or disbursements. Defendant's time to answer is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. The complaint alleges that defendant removed the infant plaintiff from the custody of his mother, also a plaintiff, in violation of section 1024 of the Family Court Act, which establishes procedures for the emergency removal of children without court order pending the filing of an abuse or neglect petition under article 10 of the Family Court Act. The complaint further alleges that, as a result of this improper removal, both the infant plaintiff and the plaintiff mother suffered mental and emotional injury and the infringement of their civil rights. Initially, we emphasize "that on a motion under CPLR 3211 (subd [a], par 7) we are concerned with whether the pleading states a cause of action rather than the ultimate determination of the facts". *(Stukuls v State of New York,* 42 NY2d 272, 275.) If "the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail (see *Foley v D'Agostino,* 21 AD2d 60, 64-65; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:24, p 31; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211:36)." *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275.) In the case at bar, the complaint alleges that defendant owed a duty to plaintiffs to act in accordance with the Family Court Act in effecting the emergency removal of the infant plaintiff from his parent's custody; that this duty was breached by defendant in failing or neglecting to act according to statute; and that this breach of duty caused plaintiffs' injuries. Thus, the complaint alleges defendant's violation of statute as being the proximate cause of the injury sustained by plaintiffs as members of the class intended to be protected by the statute, and, therefore, sufficiently states a cause of action. (See *Basso v Miller,* 40 NY2d 233, 242; *Gonzalez v Medina,* 69 AD2d 14, 17; *Chester Litho v Palisades Interstate Park Comm.,* 33 AD2d 202, 205.) It should be noted, however, that the dispute may be finally resolved on the more embracive and exploratory motion for summary judgment, after service of a responsive pleading which may include the affirmative defense of immunity from civil

liability, as provided for by subdivision (c) of section 1024 of the Family Court Act. Disposition by summary dismissal under CPLR 3211 (subd [a], par 7) would have been premature. (See *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634.) Damiani, J. P., Mangano and Gibbons, JJ., concur.

Titone, J., dissents and votes to reverse the order, grant the motion and dismiss the complaint, with leave to replead, with the following memorandum: After the infant plaintiff (then three years old) was hospitalized for the fourth time in less than two years, his attending physicians recommended to the defendant department of social services that he not be returned to his parents at that time, as his father's residence (his parents were paramours who then lived apart from each other) was reportedly in a store which could not be checked for lead content by the health department. The decision to remove custody on the ground of an emergency (see Family Ct Act, § 1024) was apparently made on a Friday; Wayne was scheduled to be released from the hospital on the following Monday. A neglect petition was filed and a preliminary hearing was held on the emergency removal petition. Custody was continued in the department of social services, which had placed the child in foster care. Several months later, the temporary order of custody was vacated and Wayne was returned to the custody of his parents. Subsequently, an affirmative finding of neglect was made. Plaintiffs commenced the instant action to recover monetary damages for the alleged unauthorized removal of Wayne from the custody of the plaintiff mother, for alleged violations of plaintiffs' civil rights, for alleged personal injuries and for alleged loss of society and companionship. In my view there is no indication that defendant acted in other than good faith and defendant established its immunity from civil liability for the emergency removal. (Family Ct Act, § 1024, subd [c].) Plaintiffs may have a cause of action for the alleged civil rights violations, but it is impossible to make such a determination from the four corners of the pleading. (See *Guggenheimer v Ginzburg,* 43 NY2d 268, 275.) Plaintiffs did not even make reference to statutory authority allowing monetary damages for these violations, should they have occurred. Accordingly, the complaint should be dismissed with leave to replead. (See *Cushman & Wakefield v John David, Inc.,* 23 AD2d 827.)