MISS GREATER NEW YORK CITY SCHOLARSHIP PAGEANT, West Side Community Alliance, incorporated, Dorothy Pitman Hughes, individually, Plaintiffs,

v.

MISS NEW YORK STATE SCHOLARSHIP PAGEANT, individually, Robert W. Brooks, as corporate officer, Miss America Pageant, nationally, Defendants.

No. 81 Civ. 2912 (KTD).

United States District Court, S. D. New York.

Oct. 5, 1981.

Vernita Nuey, New York City, for plaintiffs.

Kliegman Israel & Cooper, New York City, for defendants Miss New York State Scholarship Pageant, Inc. and Robert W. Brooks; Andrew R. Cooper, New York City, of counsel.

Davis & Gilbert, New York City, for defendant Miss America Pageant, Inc.; Howard J. Rubin, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

The defendants Miss America Pageant, Miss New York State Scholarship Pageant and Robert Brooks have moved pursuant to Fed.R.Civ.P. 12 to dismiss the complaint herein for failure to state a claim and alternatively for summary judgment under Fed. R.Civ.P. 56.

### The Parties

#### A. Defendants

Miss America Pageant, Inc. [hereinafter referred to as "MAP"] is a New Jersey non-profit corporation which the defendants argue does business only in the State of New Jersey as the sponsor of the Miss America Pageant at Atlantic City. Apparently each of the contestants in the Pageant is chosen in a franchise pageant in each state.

Miss New York State Scholarship Pageant ["State Pageant"] is a franchise of MAP and apparently conducts a contest in the State of New York to determine who is to represent New York State in the Atlantic City Pageant. The Miss New York State Scholarship Pageant is a New York not-for-profit corporation.

The defendant, Robert W. Brooks, apparently sued here "as corporate officer," is the President of Miss New York State Scholarship Pageant.

#### B. Plaintiffs

Miss Greater New York City Scholarship Pageant [hereinafter referred to as "City Pageant"] is described as an affiliate of the West Side Community Alliance, which is a New York corporation. In 1980, the City Pageant had a subfranchise from the State Pageant to select a local contestant to represent the Greater New York City area in the State contest. This subfranchise was for a term of one year and the 1980 subfranchise contract specifically provided ". . . this contract is for one year only, and that it terminates on July 21, 1980."

Dorothy Pitman Hughes is the director of the City Pageant.

### The Action

The plaintiffs' complaint, seeking damages in the amount of five million dollars, alleges that the defendants' failure to renew a subfranchise agreement with the plaintiffs constitutes racial and sexual discrimination. Jurisdiction is purportedly based on diversity of citizenship and on alleged violations of 42 U.S.C. § 2000e–2 and 42 U.S.C. § 2000a–2.[1] While the complaint charges a violation of the anti-discrimination statutes, no charges have been filed with the federal Equal Employment Opportunity Commission or any similar state body, and no "right to sue letter" has ever been issued.

### Discussion

#### A. Diversity Jurisdiction

It is hornbook law that in order to base federal jurisdiction on diversity of citizenship it is necessary that all of the defendants be citizens or residents of a state other than that in which plaintiffs reside. *John Birch Society v. National Broadcasting Company*, 377 F.2d 194, 197 (2d Cir. 1967).

The complaint in the instant case states that the plaintiffs are all New York resi-

---

1. I am assuming, along with defendants, that plaintiffs mistakenly typed Section 2000a–2, which relates to coercive and disruptive tactics not alleged in the complaint, in place of Section 2000a.

dents and that the defendant State Pageant is a New York corporation. Thus, there is no diversity of citizenship and jurisdiction cannot lie on that basis.

B. *Subject Matter Jurisdiction*

■ The plaintiffs base their claims of discrimination on 42 U.S.C. §§ 2000a and 2000e–2. Section 2000e–2 provides in pertinent part:

(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

This section only applies in an employer-employee situation. The City Pageant as an affiliate of the West Side Community Alliance, incorporated, was at best a franchisee of the State Pageant. They were not employees of the State Pageant, of Robert W. Brooks or of MAP. Since there was not, nor could there be, an employment relationship between these plaintiffs and the defendants, there is no basis for a claim of employment discrimination.[2]

■ The plaintiff Dorothy Pitman Hughes is the director of the City Pageant. The complaint does not allege that she was ever an employee nor an applicant for employment with any of the defendants. Thus, there is a similar lack of a basis for a claim of employment discrimination as to Ms. Hughes. Even if Ms. Hughes brought suit as an aggrieved employee, this court would still lack jurisdiction over a charge of employment discrimination under Section 2000e–2 because she has not exhausted her administrative remedies or obtained the requisite "right to sue" letter. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); *Love v. Pullman Co.*, 404 U.S. 522, 524, 92 S.Ct. 616, 617, 30 L.Ed.2d 679 (1972). *Cutliff v. Greyhound Lines, Inc.*, 558 F.2d 803, 806 (5th Cir. 1977).

■ The plaintiffs also assert defendants violated Section 2000a of Title 42, which provides in pertinent part:

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

The plaintiffs maintain that there is a cause of action under this section against the defendants because:

4. The issue of whether the defendants can be considered to engage in activity involving a public accommodations is interpreted in Section 2000(a)(4) [sic] which states that any establishment or organization fits within the meaning the meaning [sic] of this section it also includes "communication or entertainment" of any type and any organization even non profit who discriminates.

(Memorandum In Support of Plaintiffs' Reply Affirmation in Opposition to the Motion for Summary Judgment to Dismiss the Complaint).

I fail to see how any claim can be maintained under 42 U.S.C. § 2000a. The nub of the complaint is the defendants' failure to issue a new franchise contract to plaintiffs. This is unrelated to discrimination in access to places of public accommodation. Furthermore, the defendants do not operate a place of public accommodation as explicitly defined in 42 U.S.C. § 2000a.

---

**2.** The defendants further question the status of plaintiffs as "individuals" and defendants as "employers" as required by Section 2000e–2.

Plaintiffs' failure to qualify as "employers" renders these questions moot.

MAP has also moved to dismiss on the grounds that there is no *in personam* jurisdiction. There are many other flaws in this action but in view of the disposition hereof there is no need to discuss them.

The complaint is dismissed.

SO ORDERED.