ALONZO HOLLY et al., Respondents, v PENNYSAVER CORP. et al., Appellants.

Second Department, January 30, 1984

**APPEARANCES OF COUNSEL**

*Mokotoff, Mondshine & Aliano* (*Anthony A. Aliano* of counsel), for appellants.

*Malone, Dorfman & Tauber, P. C.* (*Alvin Dorfman* and *Sheryl Leicht Moody* of counsel), for respondents.

**OPINION OF THE COURT**

TITONE, J. P.

■ Our concern on this appeal is with the construction of subdivision 13 of section 296 of the Executive Law, which provides, in pertinent part, that it is an unlawful discriminatory practice "for any person to discriminate against, boycott or blacklist, or to refuse to buy from, sell to or trade with, any person, because of the race, creed, color, national

origin or sex of such person". We hold that a refusal to distribute a free advertising circular in a predominantly black neighborhood is encompassed within the ambit of this statutory prohibition unless it is established that the exclusion was based upon legitimate business concerns unconnected with racial bigotry.

Defendant Pennysaver Corporation publishes a weekly commercial shopping circular, commonly known as the *Pennysaver,* which contains advertisements placed by local merchants and individuals who wish to buy or sell goods or services. Approximately 250,000 of these circulars are distributed weekly, free of charge, to residents of certain areas in Nassau and Queens Counties.

Plaintiffs are residents of a predominantly black neighborhood located in the City of Long Beach, in Nassau County. They commenced this action, seeking damages and injunctive relief on behalf of themselves and other residents of their neighborhood, contending that the defendants, Pennysaver Corporation, its president, and its vice-president, have violated their civil rights under State and Federal law by excluding their neighborhood from the *Pennysaver* delivery area.

The complaint contains two causes of action. In the first, plaintiffs allege that the defendants have engaged in a "commercial boycott and blacklisting" interdicted by subdivision 13 of section 296 of the Executive Law. In the second cause of action, it is alleged that the defendants' determination to exclude their neighborhood also constitutes a violation of Federal law both as a conspiracy to deny plaintiffs their civil rights (US Code, tit 42, § 1985, subd [3]) and to exclude them from public accommodations (US Code, tit 42, § 2000a).

Defendant's motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7) was denied by Special Term upon a finding that the first cause of action, at least, was viable. We affirm.

At the outset, we note that our scope of review is narrow. Our inquiry is limited to ascertaining whether the pleading states *any* cause of action, and not whether there is evidentiary support for the complaint (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Rovello v Orofino Realty Co.,*

40 NY2d 633, 634; *Wayne S. v County of Nassau, Dept. of Social Servs.,* 83 AD2d 628). The complaint must be liberally construed in the light most favorable to the plaintiffs and all factual allegations must be accepted as true (see, e.g., *Morone v Morone,* 50 NY2d 481, 485; *Guggenheimer v Ginzburg, supra,* p 275; *Schmidt v Magnetic Head Corp.,* 97 AD2d 151, 159). Moreover, inasmuch as defendants made one omnibus motion to dismiss addressed to the entire complaint, we must sustain the entire complaint if at least one of the causes of action asserted is legally sufficient (*Long Is. Region Nat. Assn. for Advancement of Colored People v Town of North Hempstead,* 80 AD2d 826, 827, app withdrawn 53 NY2d 940; *Kaplan v Simone Bros. Auto Body,* 77 AD2d 863, 864; *Quinn v Cannabis Haircutters,* 72 AD2d 765, 766; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.38).

■ Although one of the objectives behind the enactment of subdivision 13 of section 296 of the Executive Law was to curb the discriminatory business practices of corporations which resulted from the pressures of foreign governments, including the Arab boycott of Jewish businesses and individuals (see *General Elec. Co. v New York State Assembly Committee on Govt. Operations,* 425 F Supp 909; *Matter of Antco Shipping Co. v Sidermar, S.p.A.,* 417 F Supp 207, affd 553 F2d 93; 1976 Opns Atty Gen 69; Bill Jacket L 1975, ch 662), its broad language prohibiting discrimination in a wide range of commercial activity is not confined to boycotts imposed by foreign countries. In fact, as then Governor Carey observed in his memorandum of approval, the legislation was intended to "affirm * * * that no nation *or person* is welcome to do business in this state, if that business is accompanied by religious or racial bigotry" (NY Legis Ann, 1975, pp 442, 443; emphasis supplied).

We cannot accept defendants' rather technical argument, based upon general definitions of "trade" and "commerce" contained in dictionaries and legal encyclopedias, that there is no business relationship involved when a publication is distributed free of charge. As a remedial civil rights statute, subdivision 13 of section 296 of the Executive Law must be "construed liberally for the accomplishment of [its] purposes" (Executive Law, § 300; see, also,

*City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 428). In this context, we must consider the distribution of the *Pennysaver* as a business practice within the statute's protective ambit (cf. *People v Polar Vent of Amer.,* 10 Misc 2d 378, affd 4 NY2d 954). It is enough that the defendants' activity is profit motivated (see *United States v Real Estate Bds.,* 339 US 485, 489-492; *People v Kaplan,* 8 AD2d 163, 164).

■ It may be, as defendants claim in their affidavits submitted to Special Term, that the decision not to distribute the *Pennysaver* in plaintiffs' neighborhood was the result of an objective and legitimate business judgment and not the product of discrimination. But, on a preanswer motion to dismiss which has not been converted into a motion for summary judgment, we are precluded from utilizing such affidavits against the plaintiffs who are entitled to stand on the allegations of their complaint (*Guggenheimer v Ginzburg, supra,* p 275; *Rovello v Orofino Realty Co., supra,* pp 635-636; *Wayne S. v County of Nassau, Dept. of Social Servs., supra; Keller v Barry,* 73 AD2d 611).[*]

For these reasons, the order of Special Term should be affirmed insofar as appealed from, with costs.

THOMPSON, J. (dissenting). Although I agree with my brethren in the majority that the complaint technically states a cause of action pursuant to subdivision 13 of section 296 of the Executive Law, I believe defendants' motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7) should have been granted. Plaintiffs and defendants both requested that the issues raised herein receive summary

---

[*] Nonetheless, we note, parenthetically, that plaintiffs' second cause of action is clearly legally deficient. With respect to the claim of conspiracy pursuant to subdivision (3) of section 1985 of title 42 of the United States Code, the complaint lacks sufficient allegations of a "class-based discriminatory motivation on the part of the alleged private conspiracy" (*McNally v Pulitzer Pub. Co.,* 532 F2d 69, 74, cert den 429 US 855; see *Herrmann v Moore,* 576 F2d 453, 457, cert den 439 US 1003; *Dombrowski v Dowling,* 459 F2d 190, 196; *Kops v New York Tel. Co.,* 456 F Supp 1090, 1095, affd 603 F2d 213). The provisions of section 2000a of title 42 of the United States Code are similarly inapposite as that statute explicitly concerns itself only with discrimination in *places* of public accommodation which are specifically enumerated (see *Atlanta Motel v United States,* 379 US 241, 247-250) and the Federal courts have rejected attempts to expand coverage beyond the statutory language (e.g., *Miss Greater N. Y. City Scholarship Pageant v Miss N. Y. State Scholarship Pageant,* 526 F Supp 806, 808; *Bridges v Pittsburgh Community Broadcasting Corp.,* 491 F Supp 1330, 1333).

judgment treatment pursuant to CPLR 3211 (subd [c]), and I can see no basis for refusing to honor this request of the parties. In the context of this case, this court should not only decide if plaintiffs have pleaded a cause of action, but also whether plaintiffs actually possess a cause of action. Upon the proof submitted, the evidence is overwhelming that the refusal to deliver the *Pennysaver* circulars to plaintiffs had nothing to do with discrimination. I also agree with my brethren in the majority that the causes of action seeking to set forth violations of Federal law are legally insufficient. Accordingly, the motion of defendants to dismiss the complaint should have been granted.

In their complaint plaintiffs alleged that Pennysaver Corp., published by the individual defendants Seymour L. Katz and Herbert E. Solomon, solicits advertisements from individuals and merchants who wish to sell their goods and services. It then distributes its circular, without charge to the distributees, within the communities its clients wish to reach. Plaintiffs are residents of a predominantly black neighborhood in Long Beach, bounded by Reynolds Channel, Long Beach Boulevard, Park Avenue, and Park Place. Plaintiffs asserted that defendants claim that the Long Beach-Island Park edition of the circular is distributed to "each and every home, office, and business" in Long Beach, Atlantic Beach, Island Park, Point Lookout, and Lido Beach. Nevertheless, according to plaintiffs, they do not receive it "solely due to the fact that the residents of the area are predominantly Black". The residents of the area have therefore been deprived of the right to "read and/or benefit from the contents" of the circular. Plaintiffs contended that this constituted a commercial boycott in violation of section 296 of the Executive Law. Plaintiffs also sought to set forth causes of action under section 1985 of title 42 of the United States Code and section 2000a of title 42 of the United States Code.

Defendants subsequently initiated a motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action. Defendant Solomon, the corporate defendant's president, stated in his affidavit that the circular is not distributed in Hewlett Harbor, Hewlett Bay Park, Hewlett Neck, Woodburgh and parts of Inwood,

areas which are "predominantly white affluent suburbs." Furthermore, no distribution took place in parts of Forest Hills and Kew Gardens, areas consisting of predominantly white residents. In Long Beach itself, there was no distribution in "a predominantly white neighborhood * * * bounded by New York Avenue, Maple Boulevard, West Broadway, and Shore Road." There was distribution in Cambria Heights, Laurelton, Rosedale, Queens Village and Hollis "where there are many black residents." Advertisements were accepted from all races. People of all races were hired to deliver the circulars. The decision of where to distribute the circular was a purely economic decision based on such factors as the lack of response from certain communities, the proximity of retail stores, and the cost of distribution. As one method used for gauging anticipated responses to the circulars, *Pennysaver* would seek responses in a reader survey based on a game of chance. Furthermore, to Solomon's knowledge "none of the plaintiffs or anyone from the area where the plaintiffs live, has ever complained about the lack of Pennysaver delivery to their community."

In response to Solomon's affidavit, plaintiffs cross-moved for summary judgment treatment pursuant to CPLR 3211 (subd [c]), which provides: "(c) Evidence permitted; immediate trial; motion treated as one for summary judgment. Upon the hearing of a motion made under subdivision (a) or (b), either party may submit any evidence that could properly be considered on a motion for summary judgment. Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment. The court may, when appropriate for the expeditious disposition of the controversy, order immediate trial of the issues raised on the motion." The affidavit of plaintiff Reverend Alonzo Holly in support of the motion merely alleged that after the initiation of this action two men appeared at his house unannounced with an expressed desire to resolve the problem, and that this visit put Holly in fear for his safety. The affidavit of Sheryl Moody, plaintiffs' attorney, baldly alleged that the area in issue does not receive the circular, and "[t]hey have been singled out because of their race." She also asserted that

there were veiled threats, and an attempt to intimidate plaintiffs. As an alternative position, plaintiffs asked for compliance with their demand for discovery pursuant to CPLR 3211 (subd [d]) which provides: "(d) Facts unavailable to opposing party. Should it appear from affidavits submitted in opposition to a motion made under subdivision (a) or (b) that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion, allowing the moving party to assert the objection in his responsive pleading, if any, or may order a continuance to permit further affidavits to be obtained or disclosure to be had and may make such other order as may be just." Plaintiffs' discovery request sought: "All books, papers, records, memoranda, investigative reports and correspondence pertaining to the decision not to distribute the Long Beach/Island Park editions of the Pennysaver within an area in the City of Long Beach bounded by Reynolds Channel, Long Beach Boulevard, Park Avenue and Park Place, similarly situated."

In a reply to plaintiffs' cross motion, defendants specifically requested that their motion to dismiss receive summary judgment treatment pursuant to CPLR 3211 (subd [c]). Furthermore, defendants asserted that there was not "any showing or even a claim that facts may exist to justify opposition to defendants' motion", and discovery was therefore unnecessary (CPLR 3211, subd [d]).

Special Term concluded the complaint stated a cause of action, and directed the parties to proceed with discovery.

I would grant defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7). A complaint technically valid on its face is still subject to a CPLR 3211 (subd [a], par 7) motion when an affidavit refutes the material facts upon which the claim depends. A CPLR 3211 (subd [a], par 7) motion lends itself to summary judgment treatment, and when the movant offers matters extrinsic to the pleading, the truthfulness of the pleaded allegations need not be assumed. Rather, the court should see if plaintiffs have a cause of action, and not merely whether they have stated one (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:25, C3211:44, pp 31, 48-49; 4 Weinstein-Korn-Mil-

ler, NY Civ Prac, par 3211:36; *Goldstein v County of Monroe,* 77 AD2d 232). Furthermore, although the choice to treat a CPLR 3211 (subd [a], par 7) motion summarily is discretionary, the parties may request such treatment. An appellate court may utilize such summary treatment even if the prior court failed to do so (4 Weinstein-Korn-Miller, NY Civ Prac, par 3211:44).

Defendants have made a thoroughly convincing argument explaining that their sole motivation in deciding where to deliver circulars is a profit factor, and not racial discrimination. Plaintiffs have done no more than baldly assert that the lack of delivery to their area is racially motivated. There is no challenge at all to defendants' thorough explanation of their marketing technique, and to the specific references to the racially mixed manner in which circulars are distributed. This is not a case where plaintiffs chose to stand on the allegations of their complaint (see, e.g., *Rovello v Orofino Realty Co.,* 40 NY2d 633), but one in which they specifically requested CPLR 3211 (subd [c]) summary judgment treatment. Furthermore, if a case may be disposed of pursuant to CPLR 3211, requiring an answer and deferring to a CPLR 3212 summary judgment motion should be avoided (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:50, pp 54-56).

I also do not think that plaintiffs' bald assertion of prejudice warrants further discovery because their conclusory allegations do not amount to a showing that "facts essential to justify opposition may exist" (CPLR 3211, subd [d]). The requested discovery amounts to a classic example of a fishing expedition. Defendants should not be forced to endure the expense and inconvenience of discovery, a new motion for summary judgment, and a potential second appeal based solely on a bare allegation of racial discrimination. The life of a baseless action should not be unnecessarily prolonged. Accordingly, I respectfully dissent.

Lazer and Boyers, JJ., concur with Titone, J. P.; Thompson, J., dissents and votes to reverse the order insofar as appealed from and grant defendants' motion to dismiss the complaint, with an opinion.

Order of the Supreme Court, Nassau County, dated January 27, 1983, affirmed insofar as appealed from, with costs.