■ JAMES LoPINTO et al., Appellants, v J. W. MAYS, INC., Respondent.—In an action to recover damages for breach of contract, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Levitt, J.), entered September 26, 1989, which granted the defendant's motion to dismiss the complaint, *inter alia,* for failure to state a cause of action.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiffs are former employees of several retail department stores formerly operated by the defendant, J. W. Mays, Inc. They allege that on September 26, 1988, the parties entered into an oral agreement whereby the defendant promised to pay incentive compensation to all merchandisers and buyers who remained in the defendant's employ, until it ceased retail operations, despite the possibility that it might cease such operations within three months. The defendant subsequently closed its department stores on December 31, 1988, and discharged its employees without fully making the promised incentive payments.

The plaintiffs commenced this action to recover damages for breach of the alleged incentive agreement in April 1989. Two months later, the defendant moved to dismiss the complaint upon the grounds that it failed to state a cause of action *(see,* CPLR 3211 [a] [7]), and that the plaintiffs' claims were barred by the Statute of Frauds *(see,* CPLR 3211 [a] [5]). The Supreme Court granted the defendant's motion and dismissed the complaint, concluding that it failed to state a cause of action because the oral agreement was not supported by consideration, and that the agreement violated the Statute of Frauds because it could not by its terms be performed within one year. We disagree.

It is well settled that the issue on a motion pursuant to CPLR 3211 (a) (7) is limited to ascertaining whether the pleading states any cause of action, and not whether there is evidentiary support for the complaint *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634; *Holly v Pennysaver Corp.,* 98 AD2d 570, 571). The complaint must be liberally construed in the light most favorable to the plaintiffs and all factual allegations must be accepted as true *(see, Guggenheimer v Ginzburg, supra; Shayne v Julien, Schlesinger & Finz,* 110 AD2d 761, 762; *Holly v Pennysaver Corp., supra).* Applying these principles at bar, we find that the plaintiffs sufficiently stated a cause of action.

Moreover, while the Statute of Frauds requires an agreement to be made in writing if, "[b]y its terms [it] is not to be performed within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]), that provision applies only to agreements which by "their very terms have absolutely no possibility in fact and law of full performance within one year" *(D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454; *Apostolos v R.D.T. Brokerage Corp.,* 159 AD2d 62). In the instant case, where employment was at will, it was within the defendant's power to terminate the plaintiffs' employment at any time, thus creating the possibility that the incentive payments could have been made within one year. Consequently, we find that the oral agreement was not barred by the Statute of Frauds *(see, North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171; *see also, Samilson v Stahlwood Toy Mfg. Co.,* 154 AD2d 525, 526). Bracken, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.