## Garcia v Best Professional Home Care Agency Inc.

2024 NY Slip Op 34502(U)

December 17, 2024

Supreme Court, Kings County

Docket Number: Index No. 530659/2022

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 83, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 12th day of December, 2024.

PRESENT:

HON. INGRID JOSEPH,

Justice.

-------------------------------------------------------------------------X

MARVIN GARCIA, LAKEEISHA SKEETE, MARIA SUERO, individually and on behalf of himself and others similarly situated,

Plaintiffs,

-against-

BEST PROFESSIONAL HOME CARE AGENCY INC. and SUSAN SMITH,

Defendants.

-------------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 530659/2022

Mot Seq. No. 9

| The following e-filed papers read herein: | NYSEF Doc Nos.: |
|---|---|
| Notice of Motion/Affirmation and Affidavit in Support/Memorandum of Law/Exhibits . . . . . . . . . . . . . . . . . | 175 – 180 |
| Affirmation in Opposition/Memorandum of Law Exhibits . . . | 182 – 185 |
| Affirmation in Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 198 |

Defendants Best Professional Home Care Agency Inc. ("Best Professional") and Susan Smith ("Smith") (collectively, "Defendants") move for an order, pursuant to CPLR 3211 (a) (7), dismissing the first and seventh causes of actions alleged in Plaintiffs Marvin Garcia, Lakeeisha Skeete, Maria Suero's (collectively, "Plaintiffs") Amended Complaint (Mot. Seq. No. 9). Plaintiffs oppose the motion.

This action was commenced on behalf of Plaintiffs and a class consisting of every person who is or was employed by Defendants as Home Care Aides from October 2016 to the present. In their Amended Complaint, Plaintiffs assert seven causes of action: (1) failure to timely pay wages (named Plaintiffs only); (2) unlawful deductions and withholdings (class action); (3) breach of contract – contracts with government agencies (class action); (4) breach of contract – contracts with city services (class action);

[* 1]

(5) spread of hours pay (class action); (6) failure to provide accurate wage notices and wage statements (named Plaintiffs only); and (7) fraud, against Smith by Plaintiffs Garcia[1] and Skeete.[2]

Defendants now move to dismiss under CPLR 3211 (a) (7) two causes of action. With respect to the first cause of action, Defendants' argument is two-fold. First, Defendants contend that only the Commissioner of the New York State Department of Labor is authorized by statute to pursue frequency of payment claims. Second, Defendants claim that Smith cannot be held personally liable because the scope of New York Labor Law § 191 does not extend to officers or agents of a corporation who fail to pay employees at the frequency mandated by statute. Turning to Plaintiffs' fraud claim, Defendants argue that it is not sufficiently pled and consists of merely conclusory statements, and not specific factual allegations. Defendants further argue that Plaintiffs fail to (a) proffer the employment letter Smith allegedly provided them with; (b) establish any specific details regarding the time, place and/or evidence of misrepresentations of their wage parity benefits; (c) allege specific facts showing Smith's alleged fraudulent intent to deceive or knowledge of the falsity of her statements; (d) provide sufficient detail to establish justifiable reliance on Defendants' alleged misrepresentations; and (e) provide specific details regarding the nature and extent of damages as a result of Smith's alleged misrepresentations.

In their opposition, Plaintiffs concede that the Second Department, in *Grant v Global Aircraft Dispatch, Inc.* (223 AD3d 712 [2d Dept 2024]), found that a right of action could not be implied for violations of Labor Law § 191. However, the First Department, in *Vega v CM & Assoc. Constr. Mgt., LLC* (175 AD3d 1144 [1st Dept 2019]) determined that there is a private right of action. Since there is a split of authority, Plaintiffs request that the Court (1) reserve ruling on the issue until the Court of Appeals determines whether there is a private cause of action for pay frequency claims or (2) allow Plaintiffs to dismiss their claims without prejudice to pursue the claims with the Commissioner of Labor or otherwise pursue the claims in the future.

---

[1] The basis for Garcia's claim of fraud concerns his FBA benefits account. In the Amended Complaint, Garcia asserts that Smith informed him, on February 4, 2021, that each employee pays 10% of the employee's benefits as a fee to FBA (NY St Cts Elec Filing [NYSCEF] Doc No. 171, complaint at ¶ 105). On August 21, 2022, Garcia alleges that Smith informed him that FBA of Syosset was charging a 10% fee to all employees (NYSCEF Doc No. 171 at ¶ 107). Garcia further asserts that Smith fraudulently altered the FBA Welcome Summary by adding language regarding a maintenance fee paid for by employees (10%) and employers (10%) and emailed it to him on September 13, 2022 (NYSCEF Doc No. 171 at ¶ 109-110). Garcia argues that the Smith knew that the contract between FBA of Syosset and Best Professional did not require employees to pay a 10% fee (NYSCEF Doc No. 171 at ¶ 112).

[2] In the Amended Complaint, Skeete alleges that at the time of her hiring, New York's wage parity law required $4.09/hour in benefits (NYSCEF Doc No. 171 at ¶ 99). However, Skeete asserts that Smith informed her that wage parity only required supplemental pay of $3/hour (NYSCEF Doc No. 171 at ¶ 100). On September 17, 2021 and July 1, 2022, Smith allegedly provided Skeete with an employment letter indicating that her pay rate was $18, with $15 being the base rate and $3 in benefits (NYSCEF Doc No. 171 at ¶ 101-102).

[* 2]

In regard to their fraud claim, Plaintiffs aver that they have sufficiently plead a cause of action. With respect to each element of the cause of action for fraud, Plaintiffs argue as follows. First, a false representation of fact. Skeete alleged that Smith told her that $3/hour was all that was required under wage parity law, when it actually required payment of $4.09. Garcia alleged that in response to his inquiry about missing money from his Flexible Benefits Account ("FBA") account, Smith represented to him that employees and Best Profession each pay a 10% maintenance fee and then altered a document to make this representation in writing, although FBA does not charge a 10% fee. Second, knowledge of the falsity. Skeete asserts that Smith knew her statements were false because Smith provided certifications of compliance and entered into contracts with the city and state confirming the wage parity rate of $4.09. Garcia claims that Smith's intentional alteration of a document demonstrates that she was aware her representation to Garcia was false. Third, intent to induce reliance. With respect to Skeete, Plaintiffs argue that Smith intended to induce reliance so Best Professional could pay Steele less than the amount required by law. When Garcia asked for documentation regarding the 10% maintenance fee, Plaintiffs contend that in hopes that Garcia would rely on documentation, Smith altered a document to state that there was a maintenance fee. Fourth, justifiable reliance. Plaintiffs argue that reliance on Smith's representations was justified because Smith was the owner and held a position of trust over her employees. Fifth, damages. Skeete alleges that she was underpaid by $1.09/hour. Garcia asserts that he has been damaged by the amount of the 10% maintenance fee that was unlawfully withheld from his wages and benefits. Both Skeete and Garcia assert that they have been harmed through underpayment, untimely payment, loss of use of the funds, and other harms due to Smith's misrepresentations.

In reply, Defendants maintain that without a private cause of action Plaintiffs are unable to state a claim for failure to timely pay wages. Thus, Defendants argue that the first cause of action should be dismissed *with* prejudice. Defendants further maintain that with respect to the first and second elements of a fraud claim, Plaintiffs continue to offer only conclusory allegations. Though Plaintiffs' Amended Complaint references written documents allegedly provided by Smith, Defendants note that Plaintiffs have not provided such documents intending to show Smith's intent or reasoning behind her actions.

As a preliminary matter, the Court will first address Plaintiff's first cause of action seeking damages for Defendants' alleged failure to timely pay wages. In the *Grant* case, the Second Department plainly found that there was no private right of action for frequency of pay violations. Accordingly, the Court will allow Plaintiff to withdraw its first cause of action without prejudice.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only

3

[* 3]

whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty*, LLC, 54 AD3d 703, 703-704 [2d Dept 2008]). "[T]he issue on a motion pursuant to CPLR 3211(a)(7) is limited to ascertaining whether the pleading states any cause of action, and not whether there is evidentiary support for the complaint" (*LoPinto v J.W. Mays, Inc.*, 170 AD2d 582, 583 [2d Dept 1991]).

"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2d Dept 2010]). "When a plaintiff brings a cause of action based upon fraud, 'the circumstances constituting the wrong shall be stated in detail'" (*Sargiss v Magarelli*, 12 NY3d 527, 530 [2009], quoting CPLR 3016 [b]). "Although under [CPLR] 3016 (b) the complaint must sufficiently detail the allegedly fraudulent conduct, that requirement should not be confused with unassailable proof of fraud" (*Pludeman v N. Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]).

As the Second Department noted, even a pleading that is not "a model of clarity and, [in the] absen[ce] [of] evidentiary support, would not survive a motion for summary judgment . . . , at this juncture it meets the minimum requirements for stating a cause of action" (*Pollnow v Poughkeepsie Newspapers, Inc.*, 107 AD2d 10, 18 [2d Dept 1985]). Contrary to Defendants' contention, the Court finds that Plaintiffs have sufficiently pled a cause of action for fraud.

Accordingly, it is hereby

**ORDERED** that the portion of Defendants' motion to dismiss the seventh cause of action for fraud (Mot. Seq. No. 9) is denied; and it is further

**ORDERED** that Plaintiffs are allowed to withdraw their first cause of action for failure to timely pay wages without prejudice.

All other issues not addressed herein are either without merit or moot.

This constitutes the decision and order of the Court.

HON. INGRID JOSEPH, J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

4

[* 4]