■ NORMAN L. SAMILSON et al., Appellants, v STAHLWOOD TOY MFG. CO., INC., et al., Respondents.—In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered July 13, 1988, as, upon granting their motion for leave to renew and reargue the defendants' motion to dismiss the amended complaint on the ground that the action was barred by the Statute of Frauds, which motion was granted by order of the same court dated May 16, 1988, adhered to the original determination with respect to the first and fourth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were to dismiss the first and fourth causes of action are denied, and the first and fourth causes of action of the amended complaint are reinstated; and it is further,

Ordered that the order dated May 16, 1988 is modified accordingly.

In their amended complaint, the plaintiffs alleged, *inter alia,* the existence of an oral agreement whereby the plaintiff Norman L. Samilson was to act as the exclusive sales representative of the defendant Stahlwood Toy Mfg. Co., Inc. for as long as that defendant was offering to operators of chain stores in the United States a line of toys suitable for infants. On appeal the plaintiffs argue that the court erred in dismissing the first cause of action sounding in breach of contract on the ground that it was barred by the Statute of Frauds, and the fourth cause of action to recover commissions earned on the ground that it was derivative of the first cause of action.

The Statute of Frauds requires an agreement to be in writing if, "[b]y its terms [it] is not to be performed within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]). However, if the contract creates a power to terminate the contract which is not dependent on the act of a third party, the exercise of that power is an alternate means of performance which could possibly take place within one year of the making of the contract (see, *D & N Boening v Kirsch Beverages,* 63 NY2d 449; *North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171; *Zupan v Blumberg,* 2 NY2d 547). Wherever an agreement is found to be susceptible of performance within one year, even if such performance would be impracticable, the Statute of Frauds is not applicable (see, *D & N Boening v Kirsch Beverages, supra,* at 455). The terms of the alleged contract involved here gave the defendants such a power, and the likelihood that the defendants would use it is not relevant. Accordingly, the first and fourth causes of action should be reinstated. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.