■ AMERICAN CREDIT SERVICES, INC., Appellant, v JAY ROBINSON CHRYSLER/PLYMOUTH, INC., Respondent. [615 NYS2d 175] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in dismissing the complaint on the ground that plaintiff's cause of action is barred by the Statute of Frauds *(see,* General Obligations Law § 5-701 [a] [1]). The Statute applies only to agreements that, by express and specific agreement, are not to be performed within one year *(Banker's Trust Co. v Steenburn,* 95 Misc 2d 967, 984, *affd* 70 AD2d 786). It does not apply to an agreement that appears by its terms to be fully capable of performance within one year

*(see, D & N Boening v Kirsch Beverages,* 63 NY2d 449, 455-456; *North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 176). The financial agreement between the parties, although capable of an indefinite continuance, could have been terminated by either party at any time. Thus, the agreement is one that was fully capable of performance within one year and, therefore, the agreement is not within the Statute of Frauds *(see, North Shore Bottling Co. v Schmidt & Sons, supra; Banker's Trust Co. v Steenburn, supra).*

The court properly denied, however, plaintiff's motion for summary judgment. Defendant submitted evidentiary proof in admissible form of material questions of fact sufficient to require a trial *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; CPLR 3212 [b]).

Thus, we modify the order appealed from by denying defendant's cross motion to dismiss the complaint and otherwise affirm. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Balio, J. P., Lawton, Callahan, Doerr and Boehm, JJ.