■ DAVIS & DAVIS et al., Respondents, v S & T WORLD PRODUCTS et al., Appellants. [629 NYS2d 487] —In an action to recover damages for breach of an oral licensing agreement, the defendants appeal from an amended judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated August 20, 1993, which is in favor of the plaintiffs and against them in the principal sum of $18,751.67. The defendants' notice of appeal from a decision dated March 10, 1993, is deemed a premature notice of appeal from the amended judgment (see, CPLR 5520 [c]).

Ordered that the amended judgment is modified, on the law, by deleting so much of the decretal paragraph thereof as imposed joint and several liability upon the defendant Bernd Schueren; as so modified, the amended judgment is affirmed, with costs to the plaintiffs.

The plaintiffs contend that they entered into an oral agreement with the defendant Bernd Schueren, the owner and president of the defendant S & T World Products. The plaintiffs agreed to supply the defendants with 30 original designs that the defendants reproduced on T-shirts. The defendants agreed to pay the plaintiffs a 4% commission on all wholesale sales of the T-shirts. When it became clear to the plaintiffs that the defendants were selling the T-shirts without paying the 4% commission, the plaintiffs commenced this action.

The findings of the Supreme Court, including its finding that the parties' oral agreement does not violate the Statute of Frauds, are supported by the record.

In determining whether an agreement must be in writing pursuant to the Statute of Frauds, the question to be answered is whether the contract can conceivably be performed within one year (see, General Obligations Law § 5-701 [a] [1]; D & N Boening v Kirsch Beverages, 63 NY2d 449, 455; Americana Petroleum Corp. v Northville Indus. Corp., 200 AD2d 646). In this case, the plaintiffs presented unrebutted evidence that the oral agreement could be performed within one year since it could be terminated at any time, including within one year, by either party. Therefore, the agreement is enforceable.

However, the plaintiffs have failed to establish a basis for piercing the corporate veil in order to hold Schueren personally liable for the breach of the parties' agreement (see, Marino v Dwyer-Berry Constr. Corp., 146 AD2d 750). Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.