■ Mary V. Diehl et al., Appellants, v First Congregational Church of Antwerp, Inc., et al., Respondents. [646 NYS2d 477] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting defendants' motion to dismiss the complaint for failure to state a cause of action (see, CPLR 3211 [a] [7]). On such a motion, the complaint must be liberally construed and the facts alleged therein accepted as true and accorded the benefit of every possible favorable inference (see, Leon v Martinez, 84 NY2d 83, 87-88; Quail Ridge Assocs. v Chemical Bank, 162 AD2d 917, 918, lv dismissed 76 NY2d 936). Affidavits submitted by plaintiffs may also be considered to remedy any pleading defects (see, Rovello v Orofino Realty Co., 40 NY2d 633, 635). Upon our review of plaintiffs' complaint and supporting affidavits, we conclude that plaintiffs alleged facts sufficient to support a cause of action for private nuisance. The court's reliance on Langan v Bellinger (203 AD2d 857) is misplaced; that case involved a motion for summary judgment pursuant to CPLR 3212.

We further conclude that the court did not abuse its discretion in denying plaintiffs' motion for a preliminary injunction (see generally, Niagara Recycling v Town of Niagara, 83 AD2d 316, 324). Plaintiffs failed to establish their likelihood of success on the merits or that they will suffer irreparable injury absent a preliminary injunction.

We therefore modify the order by denying defendants' motion and reinstating the complaint. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Dismiss Complaint.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.