(December 23, 2002)

■ AIR MASTERS, INC., et al., Respondents, v BOB MIMS HEATING AND AIR CONDITIONING SERVICE, INC., et al., Appellants. [752 NYS2d 388] —In an action, inter alia, to recover damages for

breach of contract, the defendants Bob Mims Heating and Air Conditioning Service, Inc., Bob Mims Roofing and Sheet Metal Works, Inc., and Bob Mims appeal from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated May 23, 2001, as denied that branch of their motion pursuant to CPLR 3211 which was to dismiss the causes of action alleging breach of contract insofar as asserted against the defendants Bob Mims Heating and Air Conditioning Service, Inc., and Bob Mims Roofing and Sheet Metal Works, Inc.

Ordered that the appeal by the defendant Bob Mims is dismissed, without costs or disbursements, as that defendant is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The complaint alleged, inter alia, that pursuant to an oral agreement, the plaintiff Kyle Hofmann was to be employed as the general manager of Bob Mims Heating and Air Conditioning Service, Inc., and Bob Mims Roofing and Sheet Metal Works, Inc. (hereinafter collectively referred to as the corporations), and was to be paid percentages of the salary of Bob Mims and of the profits of the corporations, together with an annual salary of $80,000. In a separate cause of action, Hofmann alleged that the defendants also orally agreed to pay him commissions on sales he made. Hofmann alleged that the defendants breached the agreements by failing to pay him the agreed percentages of Bob Mims' salary and the corporations' profits, and by failing to pay him commissions earned. Hofmann further alleged that the defendants breached another oral agreement to purchase two vans and inventory from the plaintiff Air Masters, Inc., by only paying part of the orally agreed-upon purchase price.

The defendants moved to dismiss the complaint, arguing, inter alia, that enforcement of the alleged oral agreements concerning Hofmann's compensation as general manager of the corporations was barred by the statute of frauds contained in General Obligations Law § 5-701 (a) (1), and that enforcement of the alleged oral agreement for the sale of the vans and inventory was barred by the statute of frauds contained in UCC 2-201, since the sale was for goods for a price of over $500. We disagree.

The defendants are not entitled to dismissal of the breach of contract causes of action based upon the statute of frauds. The defendants argue that the alleged oral agreement to pay Hofmann percentages of Bob Mims' salary and the corporations'

profits is unenforceable because it could not be performed within one year. General Obligations Law § 5-701 (a) (1) has consistently been interpreted "to encompass only those contracts which, by their terms, 'have absolutely no possibility in fact and law of full performance within one year' (*D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454)" (*Cron v Hargro Fabrics,* 91 NY2d 362, 366). "[A]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug,* 69 NY2d 329, 333). Therefore, since there is no allegation that the defendants agreed to employ Hofmann for a fixed duration, his employment was terminable at will, and the statute of frauds is not a bar to enforcement of the alleged oral agreement because its performance within one year was possible (*see Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 463; *LoPinto v J.W. Mays, Inc.,* 170 AD2d 582, 583).

The cause of action to recover unpaid commissions is not barred by the statute of frauds. The defendants argue that the commissions could not be calculated within one year. However, "when the employment relationship is terminable within a year and the measure of compensation has become fixed and earned during the same period, the sole obligation to calculate such compensation will not bring the contract within the one-year proscription of the [S]tatute of [F]rauds" (*Cron v Hargro Fabrics, supra* at 370; *see also Gold v Benefit Plan Adm'rs,* 233 AD2d 421).

The exception to the statute of frauds contained in UCC 2-201 (3) (c), for goods which have been "received and accepted," may be applicable to the cause of action to recover the remaining amount alleged to be due for the defendants' purchase of Air Masters, Inc.'s, vans and inventory. Accordingly, that branch of that defendants' motion which was to dismiss this cause of action was properly denied.

The defendants' remaining contention is without merit. S. Miller, J.P., Luciano, Crane and Rivera, JJ., concur.