■ CHARLES STUCKLEN, Appellant, v KABRO ASSOCIATES et al., Respondents. [795 NYS2d 256]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated December 11, 2003, as granted the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss his causes of action to recover damages for breach of contract and unjust enrichment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the cause of action to recover damages for breach of contract and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and that cause of action is reinstated.

The Supreme Court erred in finding that the statute of frauds barred enforcement of the alleged oral employment agreement at issue in this case. Although the alleged agreement contained duties which, in all likelihood, would not be completed within one year, no term or duration was given for the performance of such duties. An indefinite employment contract is presumed to be a hiring at will, terminable at any time by either party (see Sabetay v Sterling Drug, 69 NY2d 329, 333 [1987]; Martin v New York Life Ins. Co., 148 NY 117 [1895]). Moreover, the exercise of the right of termination associated with a hiring at will is a means of completion of the contract (see Davis & Davis v S & T World Prods., 217 AD2d 645 [1995]; Samilson v Stahlwood Toy Mfg. Co., 154 AD2d 525 [1989]). Since there was no allegation that the defendants agreed to employ the plaintiff for a fixed duration, his employment was terminable at will and the statute of frauds is not a bar to enforcement of the alleged oral agreement because its performance within one year was possible (see General Obligations Law § 5-701 [a] [1]; Air Masters v Mims Heating & A.C. Serv., 300 AD2d 513, 515 [2002]).

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action to recover damages for unjust enrichment. In determining whether a pleading is sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must look within the four corners of the pleading to determine if the plaintiff has presented any cause of action cognizable at law (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Dye v Catholic Med. Ctr.

*of Brooklyn & Queens*, 273 AD2d 193 [2000]). The Supreme Court properly determined that the allegations set forth in the plaintiff's complaint failed to present a cognizable claim to recover damages for unjust enrichment (*see Franklin v Columbia Pictures Corp.*, 271 NY 554 [1936]; *Binns v Vitagraph Co. of Am.*, 210 NY 51 [1913]; *Doria v Masucci*, 230 AD2d 764 [1996]; *Bunnell v Keystone Varnish Co.*, 254 App Div 885 [1938]). Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.