■ F. Christopher Hubbell, Respondent, v T.J. Madden Construction Co., Inc., Appellant. [823 NYS2d 318]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered October 7, 2005 in a breach of contract action. The order, among other things, denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action to recover damages arising from defendant's alleged failure to pay plaintiff monies due for profit sharing and salary increases pursuant to an alleged oral agreement of employment. Contrary to defendant's contention, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint on the ground that enforcement of the alleged oral agreement is barred under the statute of frauds (see General Obligations Law § 5-701 [a] [1]), and the court properly sua sponte dismissed the affirmative defense based on the statute of frauds. The record establishes that the subject oral agreement constitutes a "hiring at will, terminable at any time by either party" (Sabetay v Sterling Drug, 69 NY2d 329, 333 [1987]). Thus, "the statute of frauds is not a bar to enforcement of the alleged oral agreement because its performance within one year was possible" (Air Masters v Bob Mims Heating & A.C. Serv., 300 AD2d 513, 515 [2002]; see Stucklen v Kabro Assoc., 18 AD3d 461, 462 [2005]). Further, when "the measure of compensation has been fixed and earned during the same [one-year] period, the sole obligation to calculate such compensation will not bring the [agreement] within the . . . [s]tatute of [f]rauds" (Cron v Hargro Fabrics, 91 NY2d 362, 370 [1998]; see Raes v So-Lite Furniture Corp., 4 AD2d 851 [1957]). Here, the alleged oral agreement of employment provided for annual compensation, profit sharing, and possible salary increases, and thus plaintiff's

rights under the agreement could be fixed and earned within a one-year period, rendering General Obligations Law § 5-701 (a) (1) inapplicable to the agreement. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.