■ Jeffrey Harrison, Appellant-Respondent, v Kevin Harrison et al., Respondents-Appellants. [871 NYS2d 551]—

Memorandum: Plaintiff commenced this action seeking damages for breach of contract and seeking the imposition of a constructive trust based upon his claimed entitlement to 25% of the profits from defendant Global Telecom, Inc. (Global), a company in which his brother, defendant Kevin Harrison, was a 48% shareholder. According to plaintiff, he entered into an oral agreement with Kevin pursuant to which he would receive 25% of the profits from an account that the brothers had just negotiated and from any other account that plaintiff brought to Global. Supreme Court granted that part of defendants' motion for summary judgment dismissing the first cause of action, for breach of contract, but denied that part of the motion for summary judgment dismissing the second cause of action, for the imposition of a constructive trust.

We agree with plaintiff on his appeal that the court erred in granting that part of defendants' motion with respect to the

breach of contract cause of action based on its determination that it was barred by the statute of frauds, and we therefore modify the order accordingly. The statute of frauds applies to void an agreement that by its terms cannot be performed within one year (*see* General Obligations Law § 5-701 [a] [1]), and an at-will employment, which according to plaintiff was his employment arrangement with his brother, is capable of being performed within one year despite the fact that compensation remains to be calculated beyond the one-year period (*see Cron v Hargro Fabrics*, 91 NY2d 362, 367 [1998]; *American Credit Servs. v Robinson Chrysler/Plymouth*, 206 AD2d 918, 919 [1994]). As the Court of Appeals has written, "when the employment relationship is terminable within a year and the measure of compensation has become fixed and earned during the same period, the sole obligation to calculate such compensation will not bring the contract within the one-year proscription" of the statute of frauds (*Cron*, 91 NY2d at 370; *see Hubbell v T.J. Madden Constr. Co., Inc.*, 32 AD3d 1306 [2006]).

We agree with defendants on their cross appeal, however, that the court erred in denying that part of their motion with respect to the cause of action seeking the imposition of a constructive trust, and we therefore further modify the order accordingly. Two of the elements necessary to establish entitlement to the imposition of a constructive trust are a transfer in reliance on a promise and unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). We conclude that defendants met their initial burden of establishing that there was no such transfer by plaintiff and no unjust enrichment on their part, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Finally, plaintiff contends with respect to his cross motion for discovery sanctions that the court erred in refusing to strike defendants' answer in its entirety based on, inter alia, defendants' spoliation of evidence. In refusing to strike defendants' answer, the court noted that the documents that were discarded relate only to damages and would not enable plaintiff to establish that he was entitled to the imposition of a constructive trust. We conclude under the circumstances of this case that the court thus providently exercised its discretion in refusing to strike defendants' answer, inasmuch as "the loss of the physical evidence in question does not deprive the plaintiff[ ] of the means of proving [his] causes of action against [defendants]" (*Yechieli v Glissen Chem. Co., Inc.*, 40 AD3d 988, 989 [2007]; *see generally Feingold v Walworth Bros.*, 238 NY 446, 453-456 [1924]). We note in any event that the court in fact granted

plaintiff's cross motion for sanctions based on defendants' willful refusal to provide adequate responses to plaintiff's discovery demands, "with the amount and nature of sanctions reserved," and thus the court at this point in the litigation is protecting the interests of plaintiff. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.