# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1082**

**CA 13-00515**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

MARY BETH DEJOHN, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

SPEECH, LANGUAGE & COMMUNICATION ASSOCIATES,
SLP, OT, PT, PLLC, TAMI D. TREUTLIEN AND
SCOTT TREUTLIEN, DEFENDANTS-APPELLANTS.

---

DIMATTEO LAW OFFICE, WARSAW (DAVID M. ROACH OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

BOUVIER PARTNERSHIP, LLP, BUFFALO (CHAD E. MURRAY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered October 9, 2012. The order denied the motion of defendants to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order denying defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), defendants contend that Supreme Court erred in determining that an alleged oral agreement between the parties is not void and unenforceable pursuant to the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]; *see generally Hubbell v T.J. Madde Constr. Co., Inc.*, 32 AD3d 1306, 1306). The alleged oral agreement provided that defendants would purchase plaintiff's business for $480,000 and make an initial payment of $10,000, followed by 23 monthly payments of $20,000 and a final payment of $10,000. No party asserted that prepayment of the purchase price was prohibited under the alleged oral agreement. Plaintiff asserted that she fully performed her obligations under the alleged oral agreement and that defendants made several payments thereunder before defaulting. In support of the motion, defendant Tami D. Treutlien averred that she and the other defendants did not reach an agreement with plaintiff, but she did not specifically controvert that payments were made to plaintiff.

Taking plaintiff's "allegations as true and resolv[ing] all inferences which reasonably flow therefrom in [her] favor" (*Cron v Hargro Fabrics*, 91 NY2d 362, 366), we conclude that the court properly denied the motion. "As long as [an] agreement may be 'fairly and reasonably interpreted' such that it may be performed within a year,

the [s]tatute of [f]rauds will not act as a bar [to enforcing it] however unexpected, unlikely, or even improbable that such performance will occur during that time frame" (*id*. at 366). Here, the absence of a term prohibiting payment in full within the first year makes possible full performance of the alleged oral agreement within that year, and thus defendants did not meet their burden of establishing that the statute of frauds renders the alleged oral agreement void and unenforceable (*see Moon v Moon*, 6 AD3d 796, 798).