SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1239**
**CA 14-00734**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

JOSEPH STEVENS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KAREN PERRIGO, ESQ., CPA, DEFENDANT-APPELLANT.

---

SHANE AND REISNER, LLP, OLEAN (JEFFREY P. REISNER OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARDSON & PULLEN, P.C., FILLMORE (RICHARD M. BUCK, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Allegany County (Terrence M. Parker, A.J.), entered July 12, 2013. The order denied defendant's motion to dismiss plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for breach of contract and fraudulent inducement arising from negotiations to purchase defendant's accounting practice. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7), and Supreme Court denied the motion. We affirm.

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . We accept the facts as alleged in the complaint as true [and] accord plaintiff[] the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87; *see Baumann Realtors, Inc. v First Columbia Century-30, LLC*, 113 AD3d 1091, 1092). "Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon*, 84 NY2d at 88; *see Wells Fargo Bank, N.A. v Zahran*, 100 AD3d 1549, 1550, *lv denied* 20 NY3d 861). Here, contrary to defendant's contention, "[d]ismissal is not warranted under CPLR 3211 (a) (1) because the documentary evidence . . . fails to establish conclusively that there was no agreement between defendant[] and plaintiff[]" (*Watts v Champion Home Bldrs. Co.*, 15 AD3d 850, 851).

Defendant further contends that the court erred in failing to dismiss the complaint pursuant to CPLR 3211 (a) (5) inasmuch as the alleged oral agreement between the parties is void and unenforceable pursuant to the statute of frauds (*see* General Obligations Law § 5-701

[a] [1]; *see generally Hubbell v T.J. Madden Constr. Co., Inc.*, 32 AD3d 1306, 1306). We reject that contention. "As long as [an] agreement may be 'fairly and reasonably interpreted' such that it may be performed within a year, the [s]tatute of [f]rauds will not act as a bar [to enforcing it] however unexpected, unlikely, or even improbable that such performance will occur during that time frame" (*Cron v Hargro Fabrics*, 91 NY2d 362, 366; *see DeJohn v Speech, Language & Communication Assoc., SLP, OT, PT, PLLC*, 111 AD3d 1313, 1313). Here, although the parties' original agreement provided that the purchase price would be paid in monthly installments over a period of five years, the agreement was revised to provide that if plaintiff, inter alia, transferred the accounting practice or ceased to practice for a period of 30 days, plaintiff would owe defendant the remainder of the purchase price in a lump sum. Thus, because plaintiff could have fully performed the alleged agreement within the first year by paying defendant such a lump sum, defendant did not meet her burden of establishing that the statute of frauds renders the agreement void and unenforceable (*see DeJohn*, 111 AD3d at 1313-1314; *American Credit Servs. v Robinson Chrysler/Plymouth*, 206 AD2d 918, 918-919).

Contrary to the further contention of defendant, we conclude that the court properly denied that part of her motion seeking dismissal of the cause of action for fraudulent inducement pursuant to CPLR 3211 (a) (7). "In determining whether a complaint fails to state a cause of action, a court is required to 'accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Daley v County of Erie*, 59 AD3d 1087, 1087, quoting *Leon*, 84 NY2d at 87-88; *see generally* CPLR 3211 [a] [7]). Here, we conclude that plaintiff sufficiently alleged the elements of a cause of action for fraudulent inducement, and pleaded with the requisite specificity the alleged misrepresentations made by defendant (*see Flandera v AFA Am., Inc.*, 78 AD3d 1639, 1640; *Wright v Selle*, 27 AD3d 1065, 1067; *see generally* CPLR 3016 [b]).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court