■ JNG Construction, Ltd., Respondent, v George Roussopoulos, Appellant. [22 NYS3d 567]—

In an action to recover damages for breach of a loan agreement, the defendant appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated January 9, 2015, which denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In September 1998, the plaintiff and the defendant allegedly entered into an oral agreement whereby the plaintiff agreed to loan the defendant the sum of $71,500 at an interest rate of 9% per annum, with the loan maturing on December 31, 2013, at which time any remaining unpaid principal and interest would be due. When the defendant failed to repay the loan, the plaintiff commenced this action to recover the principal sum and interest. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint, arguing that the oral agreement, by its terms, was not to be performed within one year and was therefore void pursuant to the statute of frauds. The Supreme Court denied the motion.

Pursuant to the statute of frauds, an agreement not reduced to writing is void if, by its terms, it cannot be performed within one year of its making (see General Obligations Law § 5-701 [a] [1]; *Sheehy v Clifford Chance Rogers & Wells LLP*, 3 NY3d 554, 559-560 [2004]; *D & N Boening v Kirsch Beverages*, 63 NY2d 449, 454 [1984]; *Hamburg v Westchester Hills Golf Club, Inc.*, 96 AD3d 802 [2012]). Only those agreements which, by their terms, "have absolutely no possibility in fact and law of full performance within one year" will fall within the statute of frauds (*D & N Boening v Kirsch Beverages*, 63 NY2d at 454; *see Micena v Katz*, 68 AD3d 826, 827 [2009]). "As long as the agreement may be fairly and reasonably interpreted such that it may be performed within a year, the Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame" (*Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998] [internal quotation marks omitted]).

Here, contrary to the defendant's contention, the oral agreement between the parties, by its terms, was capable of being performed within one year of its making. As such, the statute of frauds was inapplicable.

Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the complaint. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.