Bermel v Vital Tech Dental Labs, Inc. (2020 NY Slip Op 04666)





Bermel v Vital Tech Dental Labs, Inc.


2020 NY Slip Op 04666


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


373 CA 19-01578

[*1]BRIAN A. BERMEL, PLAINTIFF-RESPONDENT,
v
VITAL TECH DENTAL LABS, INC., DEFENDANT-APPELLANT. 






NESPER, FERBER, DIGIACOMO, JOHNSON & GRIMM, LLP, AMHERST (GABRIEL J. FERBER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAW OFFICE OF STEPHEN F. SZYMONIAK, WILLIAMSVILLE (STEPHEN F. SZYMONIAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered August 13, 2019. The order denied defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing plaintiff's claim for commissions that accrued subsequent to the termination of plaintiff's employment, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, payment of commissions that he allegedly earned from sales that occurred during the course of his employment with defendant. In paragraph 17 of his complaint, plaintiff also asserted that he was owed "commissions on sales to any accounts generated by [plaintiff] on a future and ongoing basis including post-termination of [plaintiff's] employment." Plaintiff alleges that defendant had promised to pay him those commissions pursuant to an oral employment agreement.
On appeal from an order denying its motion for summary judgment dismissing the complaint, defendant contends that, even assuming arguendo that there was an oral employment agreement between plaintiff and defendant, such an oral agreement would be void pursuant to General Obligations Law § 5-701 (a), i.e., the statute of frauds. As relevant here, General Obligations Law § 5-701 (a) (1) provides that "[e]very agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [b]y its terms is not to be performed within one year from the making thereof." "Only those agreements which, by their terms, have absolutely no possibility in fact and law of full performance within one year' will fall within the statute of frauds" (JNG Constr., Ltd. v Roussopoulos, 135 AD3d 709, 710 [2d Dept 2016], quoting D & N Boening v Kirsch Beverages, 63 NY2d 449, 454 [1984]).
Here, plaintiff was an at-will employee of defendant, and "an at-will employment . . . is capable of being performed within one year despite the fact that compensation remains to be calculated beyond the one-year period" (Harrison v Harrison, 57 AD3d 1406, 1408 [4th Dept 2008]; see Hubbell v T.J. Madden Constr. Co., Inc., 32 AD3d 1306, 1306 [4th Dept 2006]; American Credit Servs. v Robinson Chrysler/Plymouth, 206 AD2d 918, 919 [4th Dept 1994]). We therefore reject defendant's contention that the court erred in denying its motion with respect to plaintiff's claim for payment of commissions fixed and earned during the course of plaintiff's employment with defendant (see Harrison, 57 AD3d at 1407-1408).
We agree with defendant, however, that the court erred in denying its motion with respect [*2]to plaintiff's claim for "commissions on sales to any accounts generated by [plaintiff] on a future and ongoing basis including post-termination of [plaintiff's] employment," i.e., the claim for commissions that would accrue subsequent to the termination of plaintiff's employment. Although "[a]n oral agreement that is terminable at will is capable of performance within one year and, therefore, does not come within the Statute of Frauds . . . [,] General Obligations Law § 5-701 (a) (1) bars enforcement of a promise to pay commissions that extends indefinitely, dependent solely on the acts of a third party and beyond the control of the defendant" (Murphy v CNY Fire Emergency Servs., 225 AD2d 1034, 1035 [4th Dept 1996] [internal quotation marks omitted]). Thus, the court erred in denying defendant's motion with respect to plaintiff's claim for commissions accruing subsequent to the termination of plaintiff's employment, as stated in paragraph 17 of the complaint (see Zupan v Blumberg, 2 NY2d 547, 550 [1957]; Tamara Brokerage, Inc. v Andreoli, 24 AD3d 536, 537 [2d Dept 2005]; Murphy, 225 AD2d at 1035), and we therefore modify the order accordingly.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court