Gordon v Murphy (2023 NY Slip Op 00554)

Gordon v Murphy

2023 NY Slip Op 00554

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

838 CA 21-01291

[*1]AMY GORDON AND MICHAEL LEVERE, PLAINTIFFS,
v
GUY A. MURPHY AND LINDA A. MURPHY, DEFENDANTS.
GUY A. MURPHY AND LINDA A. MURPHY, THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v
LUANNE PALME AND SELECT SOTHEBY'S INTERNATIONAL REALTY, THIRD-PARTY DEFENDANTS-APPELLANTS. 

LYDECKER, MELVILLE (MATTHEW W. BIONDI OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-APPELLANTS. 
PULLANO & FARROW PLLC, ROCHESTER (LANGSTON D. MCFADDEN OF COUNSEL), FOR THIRD-PARTY PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Ontario County (Brian D. Dennis, A.J.), entered June 25, 2021. The order, among other things, denied the motion of third-party defendants to dismiss the third-party complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs (buyers) commenced an action seeking, inter alia, specific performance of a purchase and sale contract pursuant to which defendants-third-party plaintiffs (sellers) agreed to sell their lakefront property to the buyers. The sellers had executed a contract with third-party defendants (realtors) giving the realtors the exclusive right to sell the property on behalf of the sellers. When it appeared that the buyers "would not or could not" pay the purchase price, the realtors prepared and the sellers signed a cancellation and release of purchase and sale contract. At that point, the sellers allegedly began to entertain more lucrative offers for the property.
After the buyers commenced their action, the sellers commenced a third-party action, contending that the realtors breached their contract with the sellers and were negligent by, inter alia, failing to cancel the purchase and sale contract, misleading the sellers into believing that the purchase and sale contract had been cancelled, and failing to assist the sellers in "negotiating an enforceable cancellation" of the purchase and sale contract, with the result that the sellers were not able to take advantage of the more lucrative offers on the property.
The realtors moved to dismiss the third-party complaint (see CPLR 3211 [a] [1], [7]). Supreme Court denied the motion, and we now affirm.
"On a motion to dismiss for failure to state a cause of action, the complaint must be liberally construed, and courts must provide a plaintiff with every favorable inference . . . 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss' " (Carlson v American Intl. Group, Inc., 30 NY3d 288, 297-298 [2017]). Specifically, " '[u]nder CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a [*2]matter of law. In assessing a motion under CPLR 3211 (a) (7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint and the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (id. at 298; see Pickard v Campbell, 207 AD3d 1105, 1106-1107 [4th Dept 2022]).
Here, upon construing the third-party complaint liberally and according the sellers the benefit of every favorable inference, we conclude, contrary to the realtors' contentions, that the allegations of the third-party complaint sufficiently state causes of action for both breach of contract and negligence (see CPLR 3211 [a] [7]; see generally 34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 52 [2022]; Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016], rearg denied 28 NY3d 956 [2016]).
We further conclude that the documentary evidence does not establish a defense to the third-party complaint as a matter of law (see CPLR 3211 [a] [1]). Although the realtors contend that the purchase and sale contract could not have been cancelled and, as a result, they caused no damages to the sellers, the realtors failed to establish that contention as a matter of law.
According to the factual allegations of the third-party complaint, after the buyers attempted to renegotiate the terms of the contract and indicated that they "would not or could not" pay the purchase price for the property, the realtors advised the sellers that the purchase and sale contract could be cancelled and that they could entertain new offers. In our view, the documentary evidence does not "resolve[] all factual issues as a matter of law, and conclusively dispose[] of the [sellers'] claim[s]" (Pickard, 207 AD3d at 1107).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court