Richardson v Tops Mkts., LLC (2025 NY Slip Op 06404)

Richardson v Tops Mkts., LLC

2025 NY Slip Op 06404

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

627 CA 24-00853

[*1]DONNELL T. RICHARDSON, PLAINTIFF-APPELLANT,
v
TOPS MARKETS, LLC, ESTATE OF KEITH PALMIERI AND BRUCE WATSON, DEFENDANTS-RESPONDENTS. 

GIOIA & NEUROHR PLLC, WILLIAMSVILE (ALEX M. NEUROHR OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, BUFFALO (MARK A. MOLDENHAUER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered May 1, 2024. The order granted defendants' motion to dismiss plaintiff's complaint and denied plaintiff's cross-motion for leave to amend the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first, second, and third causes of action against defendant Tops Markets, LLC and by granting that part of the cross-motion with respect to those causes of action upon condition that plaintiff shall serve the proposed amended complaint within 30 days of the date of entry of the order of this Court, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, to recover damages based on allegations that defendants violated Executive Law § 296 and Civil Rights Law §§ 40 and 40-c by engaging in racially discriminatory practices in a place of public accommodation. Plaintiff appeals from an order that granted defendants' motion to dismiss the complaint as time-barred and for failure to state a cause of action and denied plaintiff's cross-motion for leave to amend his complaint.
Contrary to plaintiff's contention, Supreme Court did not err in granting that part of the motion seeking dismissal of plaintiff's fourth cause of action, alleging violations of Civil Rights Law §§ 40 and 40-c. "At or before the commencement of [an] action" for violation of either provision, a plaintiff must serve notice on the Attorney General (§ 40-d; see § 41). Here, it is undisputed that plaintiff did not timely serve the requisite notice on the Attorney General, and thus dismissal of his Civil Rights Law cause of action was required (see §§ 40-d, 41; Chun Suk Bak v Flynn Meyer Sunnyside, 285 AD2d 523, 523 [2d Dept 2001]; Giaimo & Vreeburg v Smith, 192 AD2d 41, 45-46 [2d Dept 1993], appeal dismissed 82 NY2d 803 [1993]; Silver v Equitable Life Assur. Socy. of U.S., 168 AD2d 367, 368 [1st Dept 1990]).
We reject plaintiff's contention that the court erred in granting that part of the motion seeking to dismiss as untimely the first, second, and third causes of action against defendants Bruce Watson and Estate of Keith Palmieri (Palmieri) insofar as those causes of action alleged violations of Executive Law § 296 based on conduct that occurred before December 1, 2020. A cause of action based on Executive Law § 296 is governed by the three-year statute of limitations under CPLR 214 (2) (see Goldin v Engineers Country Club, 54 AD3d 658, 659 [2d Dept 2008], lv dismissed in part & denied in part 13 NY3d 763 [2009]; Henderson v Town of Van Buren, 15 AD3d 980, 981 [4th Dept 2005], lv denied 4 NY3d 710 [2005]; Karczewski v Sharpe, 260 AD2d 606, 606 [2d Dept 1999], lv dismissed 94 NY2d 858 [1999]). However, where the alleged unlawful discriminatory practice is of a continuing nature the commencement of the limitations period will be delayed until the last discriminatory act (see generally Clark v State of New York [*2][appeal No. 2], 302 AD2d 942, 944-945 [4th Dept 2003]). Here, plaintiff filed the complaint on December 1, 2023, and therefore the first, second, and third causes of action are untimely with respect to incidents occurring before December 1, 2020 (see Goldin, 54 AD3d at 659). Inasmuch as plaintiff failed to establish that the alleged acts occurring before and during the limitations period were not separate and unrelated incidents, plaintiff is not entitled to invoke the continuing violation doctrine (see generally Clark, 302 AD2d at 945).
We agree with plaintiff, however, that the court erred in granting that part of the motion seeking dismissal of the first, second, and third causes of action against defendant Tops Markets, LLC (Tops) for failure to state a cause of action. "On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail" (McCarthy v Shah, 162 AD3d 1727, 1728 [4th Dept 2018] [internal quotation marks omitted]). "On such a motion, the complaint must be liberally construed and the facts alleged therein accepted as true and accorded the benefit of every possible favorable inference" (Diehl v First Cong. Church of Antwerp, 229 AD2d 906, 906 [4th Dept 1996]; see Gordon v Murphy, 213 AD3d 1222, 1223 [4th Dept 2023]; Stevens v Perrigo, 122 AD3d 1430, 1430 [4th Dept 2014]). Here, we conclude that the factual allegations in the first, second, and third causes of action sufficiently state causes of action against Tops for violation of the Executive Law (see § 296 [2] [a]; [7], [13]), and we therefore modify the order accordingly. We reject plaintiff's contention that the court erred in granting that part of the motion with respect to his claim under Executive Law § 296 against Palmieri based on his actions in filing a police report. Inasmuch as that conduct is not a violation of section 296 (see § 296 [2] [a]; [7], [13]), plaintiff failed to state a cause of action against Palmieri (see CPLR 3211 [a] [7]).
We also agree with plaintiff that the court erred in denying the cross-motion insofar as it sought leave to amend the first, second, and third causes of action against Tops, and we therefore further modify the order accordingly. "[P]ermission to amend pleadings should be freely given . . . unless prejudice would result to the nonmoving party or the proposed amendment is plainly lacking merit" (Deutsche Bank Trust Co. Ams. v Fredonia Temple/Brigham Apts. LLC, 232 AD3d 1223, 1225 [4th Dept 2024] [internal quotation marks omitted]; see Niagara Falls Water Bd. v City of Niagara Falls, 64 AD3d 1142, 1143 [4th Dept 2009]; see generally CPLR 3025 [b]). Here, defendants did not claim any prejudice from the proposed amendments and, in light of our conclusion that plaintiff stated causes of action against Tops in the original complaint, we reject defendants' assertion that the proposed amendments to those causes of action lack merit.
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court