Landscape Details, Inc. v Bernard (2026 NY Slip Op 00365)

Landscape Details, Inc. v Bernard

2026 NY Slip Op 00365

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-11935
 (Index No. 617460/24)

[*1]Landscape Details, Inc., respondent, 
vNathaniel Bernard, et al., appellants.

McAuliffe Law, PLLC, East Hampton, NY (E. Timothy McAuliffe, Jr., of counsel), for appellants.
Long Tuminello, LLP, Bay Shore, NY (Nicole L. Bohler of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover in quantum meruit, the defendants appeal from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated October 8, 2024. The order denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover in quantum meruit based on the defendants' failure to pay for materials, labor, and services provided by the plaintiff in connection with a landscaping project the plaintiff allegedly performed at the defendants' home in Southampton. According to the complaint, in or before December 2022, the plaintiff and the defendant Nathaniel Bernard (hereinafter Nathaniel), an employee of the plaintiff, entered into an agreement with respect to the project, and between December 2022 and June 2, 2023, at the defendants' request, the plaintiff provided certain labor, services, equipment, and materials for the project. The complaint further alleged that the plaintiff agreed to defer the defendants' payment for the cost of the project, as a courtesy to Nathaniel, as an employee of the plaintiff, such that any bonuses earned by Nathaniel in connection with his employment with the plaintiff would be credited against the outstanding balance due to the plaintiff until such time as the balance was either paid in full or until Nathaniel's employment was terminated, at which time payment in full of any outstanding balance remaining due would have to be made to the plaintiff. According to the complaint, Nathaniel's employment with the plaintiff ended on August 4, 2023, and despite the plaintiff's demands for payment, the defendants failed to remit any portion of the outstanding balance of $168,000.
The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, contending that the action was barred by General Obligations Law § 5-701(a)(1), since the oral agreement could not be performed within one year, and by UCC 2-201(1), since it was an oral contract for the sale of goods for the price of $500 or more. In an order dated October 8, 2024, the Supreme Court denied the motion. The defendants appeal.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the [*2]facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Langley v Melville Fire Dist., 213 AD3d 748, 750; see Leon v Martinez, 84 NY2d 83, 87-88). "On a motion to dismiss pursuant to CPLR 3211(a)(7), 'the standard is whether the pleading states a cause of action'" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 663, quoting Sokol v Leader, 74 AD3d 1180, 1180-1181). "Whether a complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, plays no part in the determination of a prediscovery motion to dismiss pursuant to CPLR 3211(a)(7)" (Bailey v City of New York, 228 AD3d 713, 715; see Maursky v Latham, 219 AD3d 473, 475).
Pursuant to General Obligations Law § 5-701(a)(1), an agreement not reduced to writing is void if, by its terms, it cannot be performed within one year of its making (see JNG Constr., Ltd. v Roussopoulos, 135 AD3d 709, 710). General Obligations Law § 5-701(a)(1) has consistently been interpreted "to encompass only those contracts which, by their terms, 'have absolutely no possibility in fact and law of full performance within one year'" (Cron v Hargro Fabrics, 91 NY2d 362, 366, quoting D & N Boening v Kirsch Beverages, 63 NY2d 449, 454; see Starr v Akdeniz, 162 AD3d 948, 949). "As long as the agreement may be fairly and reasonably interpreted such that it may be performed within a year, the Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame" (Cron v Hargro Fabrics, 91 NY2d at 366 [internal quotation marks omitted]; see JNG Constr., Ltd. v Roussopoulos, 135 AD3d at 710).
Here, contrary to the defendants' contention, the oral agreement between the parties, by its terms, was capable of being performed within one year of its making (see Hymowitz v Nguyen, 209 AD3d 997, 1001; Air Masters v Bob Mims Heating & A.C. Serv., 300 AD2d 513, 515). As such, General Obligations Law § 5-701 was inapplicable (see Cron v Hargro Fabrics, 91 NY2d at 367; Hymowitz v Nguyen, 209 AD3d at 1001).
Furthermore, even assuming, without deciding, that the agreement was for the sale of goods for the price of $500 or more, as opposed to the performance of services (see Dreamco Dev. Corp. v Cranesville Block Co., 229 AD3d 1187, 1188), the Supreme Court properly determined that dismissal of the complaint was not warranted pursuant to UCC 2-201. Although UCC 2-201(1) requires a contract involving the sale of goods for a price of $500 or more to be in writing and signed by the party against whom enforcement is sought in order for it to be enforceable (see Bazak Intl. Corp. v Mast Indus. Inc., 73 NY2d 113, 117), there is an exception contained in UCC 2-201(3)(c), for goods which have been "received and accepted" (Air Masters v Bob Mims Heating & A.C. Serv., 300 AD2d at 515 [internal quotation marks omitted]).
Here, viewing the allegations in the complaint in the light most favorable to the plaintiff, they adequately alleged that the defendants accepted the goods and that the plaintiff's actions could be characterized as "unequivocally referable" to the agreement (S & G Golden Estates, LLC v New York Golf Enters., Inc., 216 AD3d 831, 832 [internal quotation marks omitted]; see Air Masters v Bob Mims Heating & A.C. Serv., 300 AD2d at 515; cf. Barretti v Detore, 95 AD3d 803, 807).
Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court